DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| CYRIL MITCHELL,<br>                     Plaintiff,<br>v.<br><br>GLENCORE LTD.; GENERAL ENGINEERING CORP.; and GEC LLC,<br><br>                     Defendants. | CASE NO. 1:21-cv-_____<br><br>JURY TRIAL DEMANDED |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Glencore Ltd. ("Glencore"), by its undersigned attorney, hereby files this Notice of Removal of an action brought by Plaintiff Cyril Mitchell in the Superior Court of the Virgin Islands, Division of St. Croix, Civil No. SX-2020-CV-00911, to the District Court of the Virgin Islands, Division of St. Croix, and expressly reserves all questions and defenses other than that of removal. In support thereof, Glencore respectfully states as follows:

**BACKGROUND AND CITIZENSHIP OF PARTIES**

1. On or about December 3, 2020, Plaintiff filed a Complaint in the Superior Court of the Virgin Islands, Division of St. Croix, captioned *Cyril Mitchelle v. Glencore Ltd., General Engineering Corporation, and GEC LLC*, Civil No. SX-2020-CV-00911 (hereinafter the "Superior Court Action"). *See* Ex. 1. On or about December 9, 2020, Plaintiff filed an Amended Complaint. *See* Ex 2. Glencore received a copy of the initial pleading setting forth the claim for relief on March 8, 2021.

2. Plaintiff Cyril Mitchell alleges that he is a citizen of the U.S. Virgin Islands. *See* Ex. 2 ¶ 1.

3. Defendant Glencore is a Swiss corporation with its principal U.S. place of business in New York, NY. *See id.* ¶ 2.

4. Defendant General Engineering Corporation ("General Engineering Corp.") is alleged to be a U.S. Virgin Islands corporation, with its principal place of business in the U.S. Virgin Islands. *See id.* ¶ 3. It is no longer in existence.

5. Defendant GEC LLC (a/k/a GEC, LLC) is alleged to be a U.S. Virgin Islands company, the owners of which are citizens of the U.S. Virgin Islands. *See id.* ¶ 4.

**GROUNDS FOR REMOVAL**

6. This Court has original jurisdiction over civil actions between citizens of different states in which the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

7. The amount-in-controversy requirement is satisfied. Plaintiff alleges he contracted lung disease as a result of exposure to purportedly toxic substances, for which Plaintiff is seeking compensatory and punitive damages. *See* Ex. 2 ¶¶ 8–14. Without conceding liability or the merits of Plaintiff's claims, based on these allegations, the amount in controversy exceeds $75,000.

8. Complete diversity exists among the only parties properly joined in this case: Plaintiff Cyril Mitchell and defendant Glencore.

9. As discussed below, the other named defendants – General Engineering Corp. and GEC LLC – have been fraudulently joined by Plaintiff.

10. "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009) (quoting *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006)). "'[A] defendant may still remove the action if . . . non-diverse defendants were fraudulently named or

joined solely to defeat' federal jurisdiction." *Id.* (alterations in original) (quoting *Briscoe*, 448 F.3d at 216).

  **A.**  **Plaintiff Has Fraudulently Joined General Engineering Corp. and GEC LLC**

  11.  General Engineering Corp. and GEC LLC have been named as defendants in this action, even though Plaintiff lacks a colorable ground for relief against either defendant, and has no intention to prosecute the action against either defendant.

    *i.*  *General Engineering Corp. has been defunct for more than 23 years*

  12.  On or about January 1, 1998, General Engineering Corporation was merged into U&W Industrial Supply, Inc., with U&W Industrial Supply, Inc. being the surviving corporation. Ex. 3, Cole Decl., ¶ 7, Ex. E. On or about December 23, 1999, U&W Industrial Supply, Inc. changed its name to Cosmogony II, Inc. *Id.*, ¶ 8, Ex. F.

  13.  "An entity that does not exist cannot be sued." *In re Alumina Dust Claims*, 71 V.I. 443, 459 (Super. Ct. V.I. 2019) (internal citation omitted). Plaintiff has no good faith basis for naming as a defendant a corporation that ceased to exist in 1998, when it was merged into another corporation. *See Campbell v. Bluebeard's Castle Inc.*, No. 2006-67, 2008 U.S. Dist. LEXIS 38750, at *8 (D.V.I. May 12, 2008) (interpreting V.I. Code tit. 13, § 253 "to prevent a merged corporation from being sued after the completion of the merger"). Nor does Plaintiff have any realistic expectation of pursuing General Engineering Corp. and obtaining a judgment against it. Naming General Engineering Corp. as a defendant is demonstrably in bad faith.

    *ii.*  *GEC LLC was formed four years after the last of the events alleged in the Complaint*

  14.  Plaintiff alleges that from 1990 to 1995, he worked at the Alumina Refinery where the allegedly tortious conduct occurred. *See* Ex. 2 ¶ 7. Publicly available company filings reveal that GEC LLC was not formed until December 29, 1999. Ex. 3, Cole Decl., ¶ 10, Ex. H.

15. Plaintiff has no good faith basis for naming as a defendant an entity that did not even come into existence until 1999, four years after the alleged tortious conduct occurred. Nor does Plaintiff have any realistic expectation of pursuing GEC LLC and obtaining a judgment against it. Naming GEC LLC as a defendant is demonstrably in bad faith.

### iii. GEC LLC is not the "successor-in-interest" to General Engineering Corp.

16. In an attempt to manufacture something out of nothing, Plaintiff makes the conclusory allegation that GEC LLC is the "successor-in-interest" to General Engineering Corp. Plaintiff offers no facts to support that allegation.

### iv. Plaintiff's counsel's *modus operandi* to defeat diversity is naming General Engineering Corp. with no intention of pursuing it

17. The *modus operandi* of Plaintiff's counsel has been to name General Engineering Corp. to preclude removal, with no intention of pursuing a judgment against it.

18. In 2011, Plaintiff's counsel initiated twenty-two cases against Glencore and other defendants, alleging virtually identical claims as in the instant action. *See In re: Bauxite Containing Silica Halliday Litig. Series*, No. SX-2015-CV-00097 (V.I. Super. Ct.); *In re: Bauxite Containing Silica Charles Litig. Series*, No. SX-2015-CV-00098 (V.I. Super. Ct.). Plaintiffs in those cases are represented by The Pate Law Firm and Burns Charest LLP, as well as Thomas Alkon, P.C. As in this case, all twenty-two complaints also named General Engineering Corp. as a defendant.

19. In each of those twenty-two cases, General Engineering Corp. was dismissed with prejudice after the time to remove had expired. *See* Decl. of Eliot Lauer ("Lauer Decl.") ¶ 6, *Glencore v. Davis, et al.*, No. 1:20-cv-00075 (D.V.I. Feb. 15, 2021), ECF No. 31-8. The inclusion of General Engineering Corp. as a defendant obstructed removal under 28 U.S.C. §

1441(b), as there was no diversity across the adversary line, which there would have been had General Engineering Corp. not been named as a party. Lauer Decl. ¶ 7.

20. On April 10, 2015, counsel for plaintiffs filed a stipulation dismissing General Engineering Corp. with prejudice in those twenty-two cases. *Id.* ¶ 8. There, each plaintiff and General Engineering Corp. stated that they had "resolved their differences by way of settlement." *Id.* No settlement agreement, nor any information regarding the terms or amount of any settlement, has ever been disclosed to Glencore. *Id.* ¶ 9.

21. In those cases, apart from an answer to a First Amended Complaint, General Engineering Corp. never filed any motions or any other filings. *Id.* ¶ 10. The plaintiffs never served any discovery demands on General Engineering Corp. The only discovery provided by General Engineering Corp. was the service of Rule 26 initial disclosures. *Id.* ¶ 11. In those disclosures, General Engineering Corp. stated that only one individual had knowledge of facts related to the claims; it had no documents related to the claims; and it was not yet sure whether an insurance policy covered the alleged injuries. *Id.* It provided no other information. *Id.*

22. Thus, in the nearly four years that these cases were pending against General Engineering Corp. (2011-2015), nothing changed with respect to the plaintiffs' cases against General Engineering Corp. except the passage of time. *Id*. ¶ 12.

23. It is apparent that General Engineering Corp. was only included in these cases to destroy diversity, and that plaintiffs never had any intention of taking discovery from, much less pursuing any claims against, General Engineering Corp. After the window of time for removal under 28 U.S.C. § 1441(b) had closed, the plaintiffs dismissed all claims against General Engineering Corp.[1]

---

[1] The manipulative strategy deployed in these 22 cases was a continuation of the strategy that had been used by Mr. Alkon in at least 18 other cases. *See* Lauer Decl. ¶ 14 & App'x A.

24. Given this *modus operandi*, it is apparent that Plaintiff has no real intention in good faith to prosecute the action against, or to seek a joint judgment against, General Engineering Corp. or GEC LLC.

**B. The other procedural requirements of 28 U.S.C. § 1446 are met.**

25. Glencore received a copy of the initial pleading setting forth the claim for relief on March 8, 2021. This Notice of Removal is therefore timely. *See* 28 U.S.C. § 1446(b).

26. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is simultaneously being given to Plaintiff, and a copy of the Notice of Removal will be promptly filed with the Clerk of the Superior Court of the Virgin Islands, Division of St. Croix.

27. The consent of General Engineering Corp. and GEC LLC is not required under the unanimity rule of 28 U.S.C. § 1446(b)(2)(A). *See Balazik v. Cty. of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995) ("The unanimity rule may be disregarded where . . . a defendant has been fraudulently joined.").

28. Glencore reserves all defenses, including but not limited to all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

## CONCLUSION

Complete diversity exists among the proper, non-fraudulent parties to the above-captioned case, and the amount in controversy exceeds $75,000. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Glencore is properly removing the case from the Superior Court of the Virgin Islands to the District Court of the Virgin Islands, Division of St. Croix.

WHEREFORE, Glencore hereby removes this action from the Superior Court of the Virgin Islands, Division of St. Croix to this Court, and reserves all defenses.

Dated: April 7, 2021

/s/ Richard H. Hunter
Richard H. Hunter, Esq. (V.I. Bar No. 332)
HUNTER & COLE
1138 King Street, Ste. 3
Christiansted, St. Croix VI 00820
Phone: 340-773-3535
Fax: 340-778-8241
rhunter@huntercolevi.com

*Counsel for Glencore Ltd.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of April, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will electronically serve the following File Users:

Korey A. Nelson, Esq.
knelson@burnscharest.com
C. Jacob Gower, Esq.
jgower@burnscharest.com
BURNS CHAREST LLP
365 Canal Street, Ste. 1170
New Orleans, LA 70130

Warren T. Burns, Esq.
wburnes@burnscharest.com
Daniel H. Charest, Esq.
dcharest@burnscharest.com
BURNS CHAREST LLP
900 Jackson Street, Ste. 500
Dallas, TX 75202

J. Russell B. Pate, Esq.
pate@sunlawvi.com
sunlawvi@gmail.com
THE PATE LAW FIRM
PO Box 890
St. Thomas, VI 00804

*Attorneys for Plaintiff*

/s/ Richard H. Hunter