IN THE UNITED STATES DISTRICT COURT
OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| CYRIL MITCHELL, | Case No. 1:21-cv-00179 |
| --- | --- |
| *Plaintiff,* | JURY TRIAL DEMANDED |
| v. | |
| GLENCORE LTD., et al. | |
| *Defendants.* | |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE
FIRST AMENDED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, who moves for leave to amend the First Amended Complaint ("FAC") to (i) add Cosmogony II, Inc. ("Cosmogony") as an additional defendant, and (ii) dismiss General Engineering Corporation ("GEC") and GEC LLC as defendants. A copy of the proposed amended complaint is attached as <u>Exhibit A</u>, and a redline delineating the changes from the FAC and the Proposed Second Amended Complaint is attached as <u>Exhibit B</u>.

1. **Background**

In the FAC, Plaintiff names GEC as a defendant in its own right, and GEC LLC as a successor-in-interest to GEC.

The Notice of Removal alleges, among other things: "On or about January 1, 1998, General Engineering Corporation was merged into U&W Industrial Supply, Inc., with U&W Industrial Supply, Inc. being the surviving corporation. On or about December 23, 1999, U&W Industrial Supply, Inc. changed its name to Cosmogony II, Inc." Doc. 1, at ¶ 12.

After reviewing the Notice of Removal, Plaintiff no longer believes that neither GEC nor GEC LLC are proper party-defendants. Rather, Plaintiff believes that Cosmogony is the appropriate defendant as the successor-in-interest to GEC by merger and subsequent name change.

2. **Legal Standard**

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

3. **Analysis**

Leave should be freely given here. Plaintiff seeks amendment to correctly state the correct corporate successor to GEC, and to square the allegations of the complaint with paragraph 12 of the Notice of Removal. Plaintiff recognizes that GEC does not have the capacity to be sued on Virgin Islands law, and no longer believes GEC LLC to be a successor to GEC. Rather, Plaintiff reasonably believes that Cosmogony is the correct successor-in-interest.

There is no sound reason to deny amendment. Plaintiff has not unduly delayed filing for leave nor seeks leave out of a dilatory motive; Glencore just removed the action a few weeks ago. Plaintiff is not seeking leave in bad faith nor will the defendants suffer any prejudice; indeed, Plaintiff is seeking leave because they agree with the Notice of Removal's analysis on the correct corporate successor to GEC. Plaintiff has not repeatedly failed to cure any deficiencies; indeed, this deficiency was just brought to Plaintiff's attention in the Notice of Removal. Amendment will not be futile; Cosmogony has the capacity to be sued under Virgin Islands law.

*****

WHEREFORE, Plaintiff prays that this motion be granted; that leave be freely given; and that proposed Second Amended Complaint be made operative herein.

Dated: April 29, 2021

Respectfully submitted,

*/s/ C. Jacob Gower, Esq.*
Korey A. Nelson (V.I. Bar No. 2012)
C. Jacob Gower (V.I. Bar No 2103)
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
knelson@burnscharest.com
jgower@burnscharest.com

Warren T. Burns (V.I. Bar No. 2004)
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2021, a copy of the foregoing was served via CMECF on all counsel of record.

*/s/ C. Jacob Gower, Esq.*
C. Jacob Gower, Esq.