**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

**CYRIL MITCHELL,**

**Plaintiff,**

**v.**

**GLENCORE LTD. and COSMOGONY II, INC.,**

**Defendants.**

**Civil Action No. 2021-0179**

**Attorneys:**
**J. Russell B. Pate, Esq.,**
St. Thomas, U.S.V.I.
**Korey A. Nelson, Esq.,**
**Charles Jacob Gower, Esq.,**
New Orleans, LA
**Warren T. Burns, Esq.,**
**Daniel H. Charest, Esq.,**
Dallas, TX
*For Plaintiff*

**Richard H. Hunter, Esq.,**
St. Croix, U.S.V.I.
*For Defendant Glencore Ltd.*

**MEMORANDUM OPINION**

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant Glencore Ltd.'s ("Glencore") "Objection to [Magistrate] Judge Cannon's May 27, 2021 Order" ("Objection") (Dkt. No. 18). Also before the Court is Plaintiff Cyril Mitchell's ("Plaintiff") "Motion to Remand This Action to the Superior Court of the U.S. Virgin Islands on the Basis that Cosmogony II, Inc. Was Not Fraudulently Joined" ("Motion to Remand") (Dkt. No. 19), and Glencore's Opposition thereto (Dkt. No. 20).

For the reasons set forth below, Glencore's Objection to the Magistrate Judge's Order will be sustained and the Magistrate Judge's Order vacated. In addition, Plaintiff's "Motion for Leave to Amend the First Amended Complaint" ("Motion to Amend") (Dkt. No. 9) and Motion to Remand will be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In December 2020, Plaintiff filed this action in the Superior Court of the Virgin Islands, St. Croix Division, against Glencore, a Swiss corporation with its principal place of business in New York, and General Engineering Corporation ("GE Corporation") and its alleged successor-in-interest, GEC LLC (collectively "GEC Defendants"), both of which are allegedly incorporated and based in the Virgin Islands. (Dkt. No. 1-1 at 1).

Plaintiff alleges that he is a former employee at the Alumina Oil Refinery on St. Croix.[1] *Id.* Asserting local law tort claims, Plaintiff alleges that during his employment, he was exposed to bauxite ore dusts, caustic soda, asbestos-containing materials, and alumina dust. *Id*. at 2-3. Plaintiff claims that his exposure to these materials caused him to develop mixed-dust pneumoconiosis, and he alleges that Defendants are responsible for his medical condition as a result of their actions relating to the refinery's operations. *Id.* The claims in this case are similar to claims asserted in hundreds of other cases filed in the St. Croix Division of the Superior Court against Glencore and other defendants.

[1] Plaintiff alleges that the Alumina Refinery was operated on St. Croix from the early-to-mid 1960s to 2000 and was purchased and operated by the Virgin Islands Alumina Company ("VIALCO"), the wholly-owned subsidiary of Glencore, Ltd. between 1989 and 1995. (Dkt. No. 17 at 3). Plaintiff also alleges that Glencore provided VIALCO and the Alumina Refinery with bauxite ore. *Id*. Plaintiff further contends that GE Corporation provided construction and maintenance services to VIALCO during the years that VIALCO owned and operated the Alumina Refinery. *Id.*

On April 7, 2021, Glencore removed this action to this Court asserting that the GEC Defendants were fraudulently joined in the action. (Dkt. No. 1 at 2-6). In its removal papers, Glencore contends that GE Corporation is defunct and has been for a number of years. *Id.* at 3. Glencore also argues that GEC LLC is not the successor-in-interest and has no connection to GE Corporation. *Id*. On April 14, 2021, Glencore filed its Answer to Plaintiff's Complaint. (Dkt. No. 4).

On April 29, 2021, Plaintiff filed a Motion to Amend under Fed. R. Civ. P. 15 to replace the GEC Defendants with Cosmogony II, Inc. ("Cosmogony"). (Dkt. No. 9). Plaintiff alleges that based upon information included in Glencore's Notice of Removal, Cosmogony was the true successor in interest to GE Corporation. *Id.* at 1-2. In the proposed Second Amended Complaint ("SAC"), Plaintiff alleges that Cosmogony is incorporated and has its principal place of business in the Virgin Islands. (Dkt. No. 9-1 at ¶ 3). Other than naming the alleged successor-in-interest to GE Corporation, the proposed SAC does not otherwise make substantive changes to Plaintiff's claims. (Dkt. No. 9-2).

Glencore filed a Response opposing Plaintiff's Motion to Amend. (Dkt. No. 13). In its Response, Glencore objects to Plaintiff's proposed SAC, contending that the proposed amendment is a maneuver to contrive a basis to defeat diversity jurisdiction. (Dkt. No. 13 at 1). Analogizing to cases filed in Superior Court by Thomas Alkon, Esq., Glencore asserts that Plaintiff's attorneys have filed cases with the common practice of naming a local nondiverse party for the sole purpose of defeating diversity. *Id*. at 2-3. Glencore maintains that Plaintiff's Motion to Amend should be denied under 28 U.S.C. § 1447(e) to prevent an alleged attempt by Plaintiff to manipulate and

destroy diversity jurisdiction.[2] *Id.* at 4, 6-7. Further, Glencore contends that the Court should apply the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) since the proposed amendment occurred post-removal.[3] *Id*. at 6-7.

In an Order dated May 27, 2021, Magistrate Judge George W. Cannon, Jr. granted Plaintiff's Motion to Amend pursuant to Fed. R. Civ. P. 15(a), citing the liberal approach to amendments of pleadings. (Dkt. No. 16 at 1-2). The Magistrate Judge did not address the issue of fraudulent joinder, finding that it was "better left for resolution by the District Judge" through a motion to remand or other dispositive motion. *Id.* at 2. The Magistrate Judge also did not analyze Plaintiff's proposed amendment under 28 U.S.C. § 1447(e).

On June 10, 2021, Glencore filed a timely Objection to the Magistrate Judge's Order (Dkt. No. 18), asserting that the Order should either be vacated and remanded for consideration of the *Hensgens* factors, or considered *de novo* by the Court. *Id*. at 1. Glencore contends that the Magistrate Judge's ruling is contrary to law because of his reliance on Rule 15(a) rather than the *Hensgens* factors under 28 U.S.C. § 1447(e). *Id.* at 4-5.

---

[2] 28 U.S.C. § 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

[3] When considering a motion to amend under *Hensgens*, the Court is tasked with weighing the following factors: "(1) whether the purpose of the plaintiff's motion is to defeat diversity jurisdiction; (2) whether the plaintiff was dilatory in seeking to amend his complaint; (3) whether the plaintiff will be prejudiced if the motion is not granted; and (4) any other equitable factors." *See Hensgens*, 833 F.2d at 1182. These factors are used to determine whether a court, in exercising its discretion under Section 1447(e), "should (1) permit the addition of the nondiverse party and remand, or (2) reject the amendment and retain jurisdiction." *Paul v. Hess Corp.*, No. 1:2020-cv-0102, 2021 WL 2144910, at *5 (citing *Gumberg Assoc.-Chapel Square v. Keybank Nat'l Ass'n*, No. 2:20-cv-01661, 2021 WL 492880, at *3-4 (W.D. Pa. Feb. 10, 2021).

Shortly after Glencore filed its Objection, Plaintiff filed a Motion to Remand incorporating by reference the arguments raised by the plaintiff in *Brooks v. Glencore Ltd.*, No. 1:2021-cv-0251, 2022 WL 613292 (D.V.I. Mar. 1, 2022).[4] (Dkt. No. 19). In response to the Motion to Remand, Glencore expressly incorporates by reference the arguments set forth in the remand briefing in *Brooks*, and *Hobson v. Glencore, Ltd.*, No. 1:2021-cv-0182 (D.V.I. June 11, 2021) (Dkt. No. 20 at 1), with only minor additions to what has previously been briefed, including a rejoinder to the three arguments made in Plaintiff's Reply in *Brooks*. *Id*. at 1-3.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Objections to Magistrate Judge Orders

Under Federal Rule of Civil Procedure 72(a), a magistrate judge is permitted to hear and determine non-dispositive matters. *See* Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(A) (permitting magistrate judges to review pre-trial matters with the exception of enumerated matters). An objection to a magistrate judge's order must be filed within 14 days after service of the challenged order. *See* Fed. R. Civ. P. 72(a) (failure to timely object will constitute a waiver of the magistrate judge's order on non-dispositive matters); *see also* 28 U.S.C. § 636(b)(1).

When a party timely objects to a magistrate judge's pretrial ruling, the court can modify or set aside any portion of that ruling it finds to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's factual finding "is clearly erroneous

[4] Although Plaintiff's claims are similar to those asserted in *Brooks*, one significant difference is that the plaintiff in *Brooks* joined Cosmogony in his Complaint prior to Glencore's removal of that action to federal court. *See Brooks*, 2022 WL 613292, at *3. In the pre-removal joinder context, joinder of a nondiverse defendant is considered fraudulent where there is (1) "no reasonable basis in fact or colorable ground" supporting any claim against the nondiverse defendant, or (2) "no real intention in good faith to prosecute the action" against the nondiverse defendant. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *In re Briscoe*, 448 F.3d at 216 (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)).

'when . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Sunshine Shopping Center, Inc. v. LG Electronics Panama, S.A.*, No. 1:2015-cv-0041, 2018 WL 4558982, at *3 (D.V.I. Sept. 21, 2018). District judges must conduct a *de novo* review of a magistrate judge's legal conclusions on non-dispositive matters where a party objects on the basis that those conclusions were contrary to law. *Id.* (quoting *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017)). A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable case law. *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (citing *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J.1998).

## III. DISCUSSION

### A. The Magistrate Judge's Ruling

Glencore challenges the Magistrate Judge's decision to rule on Plaintiff's Motion to Amend without considering the *Hensgens* factors. (Dkt. No. 18). Specifically, Glencore maintains that because Plaintiff's proposed amendment sought to add a non-diverse defendant post-removal, whose joinder would destroy diversity jurisdiction, the Magistrate Judge was required to apply the *Hensgens* factors under 28 U.S.C. § 1447(e). *Id.* at 4-5. The Court finds that the Magistrate Judge erred in ruling on the Motion to Amend under Rule 15(a) without considering the fraudulent joinder/§ 1447(e) issue raised by Glencore.

It is true that a motion to amend a complaint is generally the type of non-dispositive matter within the scope of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). However, under the circumstances here, the Motion to Amend involved a proposed amendment to add a non-diverse party as a defendant, which bears directly on the Court's subject matter jurisdiction in this action. Specifically, allowing the amendment would destroy diversity jurisdiction and result in the need to remand the action to state court. This would constitute a dispositive order beyond the scope

of a magistrate judge's authority under 28 U.S.C. § 636. *See, e.g.*, *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) (stating that because a remand order is dispositive insofar as proceedings in the federal courts are concerned, the order is the functional equivalent of an order of dismissal for purposes of 28 U.S.C. § 636(b)); *see also Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016) (holding that the question of remand should be treated as a dispositive matter in which only the district court may enter an order); *Vogel v. U.S. Office Prods. Co*., 258 F.3d 509, 517 (6th Cir. 2001) (concluding that "a remand order is the functional equivalent of an order to dismiss" and thus is "dispositive . . . and can only be entered by district courts").

Apparently recognizing this dilemma, the Magistrate Judge opted to address the Motion to Amend under Rule 15(a)'s policy of "liberal allowance of amendments to pleadings" (Dkt. No. 16 at 1), while leaving the fraudulent joinder/§ 1447(e) argument "for resolution by the District Judge upon a motion to remand or other dispositive motion." *Id*. In so doing, the Magistrate Judge completely ignored Glencore's fraudulent joinder/§ 1447(e) argument—which can properly be asserted in response to a motion to amend to join a non-diverse party—and the law that applies in the context of such a challenge to a motion to amend. However, a magistrate judge cannot selectively consider certain aspects of issues while placing other aspects that are integral to the resolution of the issues on hold for future consideration. Rather, if—as here—consideration of the Motion to Amend might implicate a jurisdictional issue over which a magistrate judge does not have authority, the magistrate judge could provide a Report and Recommendation to the district judge. *See, e.g.*, *Brainbuilders, LLC v. Optum, Inc*., No. CV 18-638, 2019 WL 2315389, at *6 (D.N.J. May 31, 2019) (affirming magistrate judge's application of the *Hensgens* factors in considering a Motion to Amend); *Agostino v. Costco Wholesale Corp*., No. CV198976MCAMAH, 2019 WL 6080242, at *6 (D.N.J. June 24, 2019), *report and recommendation adopted*, No. CV 19-8976, 2019 WL 6050746 (D.N.J. Nov. 7, 2019) (recommending that the district court grant the

motion to amend and remand the matter to state court after *Hensgen*s analysis). Alternatively, the magistrate judge could leave the entire matter for resolution by the district judge.[5]

In view of the foregoing, the Court concludes that the Magistrate Judge's ruling was contrary to law in adopting Rule 15(a) rather than considering the fraudulent joinder/§1447(e) argument set forth by Glencore in response to Plaintiff's Motion to Amend. Accordingly, the Magistrate Judge's Order will be vacated and the Court will consider the matter *de novo*.

**B. Merits Review**

Turning to a review of the merits of Plaintiff's Motion to Amend together with his Motion to Remand, the Court finds that the relevant issues have already been addressed in the Court's Memorandum Opinion in *Mathurin v. Hess Corp.*, No. 1:2021-cv-0176, 2022 WL 991378 (Mar. 31, 2022). That Opinion is incorporated herein by reference.

Typically, Section 1447(e) and the *Hensgens* factors apply when a plaintiff moves to join a nondiverse party post-removal under Rule 15(a)(2). *See, e.g., Salamone v. Carter's Retail, Inc.*, No. 09-5856, 2010 WL 762192, at **1–2 (D.N.J. Mar. 5, 2010) (applying section 1447(e) where plaintiff moved for leave to add nondiverse defendants pursuant to Rule 15(a)(2) after defendant had removed the action to federal court). As in *Mathurin*, however, this case involves an entity that would be added post-removal that is not completely unrelated to other defendants. Specifically, Plaintiff's Amended Complaint seeks to substitute Cosmogony for the GEC Defendants to correctly identify the successor to GE Corporation, which it had previously

[5] The Magistrate Judge was incorrect in suggesting that the fraudulent joinder analysis should await consideration in response to a motion to remand or other dispositive motion. Indeed, 28 U.S.C. § 1447(e) speaks to "joinder and remand," if, in joining an additional party, the Court is deprived of subject matter jurisdiction. *See Agostino v. Costco Wholesale Corp.*, No. CV198976MCAMAH, 2019 WL 6080242, at *2 (D.N.J. June 24, 2019), *report and recommendation adopted*, No. CV 19-8976, 2019 WL 6050746 (D.N.J. Nov. 7, 2019).

identified erroneously as GEC LLC prior to removal. Thus, the same question posed by the Court in *Mathurin* arises here as to whether the fraudulent joinder analysis for pre-removal amendments or 28 U.S.C. § 1447(e) for post-removal amendments applies. *See Mathurin,* 2022 WL 991378, at *4; *see also Paul v. Hess Corp.*, No. 1:2020-cv-0102, 2021 WL 2144910, at *5-7 (D.V.I. May 25, 2021), (noting that § 1447(e) applies when a post-removal amendment adds a defendant that would destroy diversity jurisdiction and that the separate doctrine of fraudulent joinder applies when evaluating the propriety of a nondiverse defendant included in pre-removal pleadings).

As in *Mathurin*, the Court need not decide this issue because under either the fraudulent joinder or *Hensgens* analysis, the result is the same. Even assuming, without deciding, that *Hensgens* is the appropriate legal analysis, as Glencore maintains, the Court finds for the reasons stated in *Mathurin* that Cosmogony was not fraudulently joined. Accordingly, the Court will permit the joinder of Cosmogony and finds that such joinder deprives this Court of subject matter jurisdiction. As such, Plaintiff's Motion to Amend and Motion to Remand will be granted.

## IV. CONCLUSION

In view of the foregoing, the Court finds that the Magistrate Judge Cannon's ruling is contrary to law and must be vacated. The Court also finds that Glencore failed to carry its burden to establish that Cosmogony was fraudulently joined in this action. Accordingly, Magistrate Judge Cannon's May 27, 2021 Order (Dkt. No. 18) will be vacated, and Plaintiff's "Motion for Leave to Amend the First Amended Complaint" (Dkt. No. 9) and "Motion to Remand This Action to the Superior Court of the U.S. Virgin Islands on the Basis that Cosmogony II, Inc. Was Not Fraudulently Joined" (Dkt. No. 19) will be granted.

An appropriate Order accompanies this Memorandum Opinion.

Date: June 23, 2022

________/s/_________
WILMA A. LEWIS
District Judge